UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK URSOMANO, *et al.*, | No. C-13-4381 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO STAY** |
| WELLS FARGO BANK, N.A., *et al.*, | **(Docket No. 45)** |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

Plaintiffs Patrick Ursomano, Giovanni Canonico, and Ursula Canonico (collectively, "Plaintiffs") brought a proposed class action against Wells Fargo Bank N.A. ("Wells Fargo"), Wells Fargo Insurance, Inc. ("WFI"), Assurant, Inc. ("Assurant"), and American Security Insurance Company ("ASIC") (collectively, "Defendants"), alleging unfair business practices related to "force-placed" hazard insurance.

Currently pending before the Court is Defendants' Motion to Stay ("Motion") all proceedings in the action, until settlement proceedings conclude in a related action, *Fladell v. Wells Fargo Bank N.A., et al*, pending in the Southern District of Florida.  The Court **GRANTS** a stay of all proceedings in this action until further notice, for the reasons set forth below.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The *Fladell* action was filed in the Southern District of Florida on March 28, 2013.  *See* Docket No. 45-2 Exh. B.  The defendants in the *Fladell* action are the same as here.  In essence, the plaintiffs allege that "kickbacks" from Assurant and ASIC ("Assurant Defendants") to Wells Fargo

1  and WFI ("Wells Fargo Defendants") were improperly included in force-placed insurance premiums
2  that the plaintiffs paid. The plaintiffs seek to represent the following class:

> All borrowers who, within the applicable statutes of limitation, were charged for a force-placed insurance policy placed on property through the Wells Fargo Defendants and/or these companies' affiliates, entities, or subsidiaries. Excluded from this class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

*Id.* at ¶ 82. *Fladell* is one of 23 parallel class action lawsuits against Wells Fargo, WFI, and related entities, in connection with the practice of force-placed insurance. Mot. at 2. On February 3, 2014, the parties in *Fladell* reached a settlement in principle, and anticipate filing a Motion for Preliminary Approval of the Settlement Agreement by March 12, 2014. Mot. at 4-5.

The class-action complaint in *Ursomano* was filed on September 20, 2013. Docket No. 1. Plaintiffs allege Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200 *et seq.* by "charging borrowers for force-placed insurance premiums that included kickbacks to Wells Fargo, and by force-placing borrowers into backdated insurance policies." Docket Nos. 4 (First Amended Complaint) ¶ 159, 43. Plaintiffs propose a nation-wide class and a California subclass "for the maximum time period allowable by law":

> All persons who have or had a residential mortgage loan or line of credit owned, originated or serviced by Wells Fargo or Wells Fargo Home Mortgage secured by property located in the United States and, in connection therewith, were required to pay for "force-placed" hazard insurance on the secured property (the "Nationwide Class");
>
> All persons who have or had a residential mortgage loan or line of credit owned, originated or serviced by Wells Fargo or Wells Fargo Home Mortgage secured by property located in the State of California and, in connection therewith, were required to pay for "force-placed" hazard insurance on the secured property (the "California Subclass").

First Amended Complaint ¶ 125.

On December 2, 2013 and January 15, 2014, respectively, Assurant Defendants and Wells Fargo Defendants filed motions to dismiss the First Amended Complaint. *See* Docket Nos. 25, 38. The motions were set for hearing before the Court on February 27, 2014. The first case management conference was set for the same time.

2

1   Defendants filed this Motion to Stay on February 7, 2014.  Docket No. 45.  According to a
2 stipulated expedited briefing schedule, Plaintiffs filed an opposition on February 12, 2014, and
3 Defendants filed a reply on February 14, 2014.  Docket Nos. 47-49.

### III. DISCUSSION

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  The Ninth Circuit has set out the following framework for evaluating whether a *Landis* stay is proper:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  *See also Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

Defendants argue that a stay would conserve resources for both the Court and the parties.  Defendants assert that, since the parties, the issues, and the putative classes are effectively the same in *Fladell* and *Ursomano*, a stay would obviate the need for unnecessary litigation, including the motions to dismiss, the case management conference, and discovery that would ensue were the motions to be denied.  They note that, even if Plaintiffs were to opt out of a settlement in *Fladell*, the settlement would change the "landscape" of the case – the case would no longer proceed as a class action, affecting the scope of discovery, litigation strategy, and requiring an amended complaint.  Defendants also argue that the Court's ruling on the motions to dismiss could affect the settlement process and jeopardize the compromise reached on the same issues in *Fladell*.

3

1    It appears undisputed that the issues and putative classes are effectively the same in *Fladell* and *Ursomano*. Plaintiffs' main objections are that the terms of the pending settlement are not disclosed, in particular, "the specific relief to be obtained pursuant to the putative settlement, which entities the purported settlement would release from future claims and the dates for the class period," and that the terms might not be fair. Opp. at 3. Plaintiffs also assert that it could be years before the settlement is approved or disapproved, taking into account the objections that may be filed and appeals to the Eleventh Circuit.

The Court recognizes Defendants' grounds for a stay, yet it is incumbent upon the Court to review the *Fladell* settlement to determine the extent to which the settlement moots or materially affects the instant case: among other things, the Court must determine whether the terms release Defendants from liability from claims asserted herein and whether Plaintiffs and the putative classes are covered by the *Fladell* class. Accordingly, once the Motion for Preliminary Approval of the Settlement Agreement in the *Fladell* action has been filed, Defendants shall file those papers with this Court, including the settlement agreement.

The Court **GRANTS** a stay of all proceedings in this case until further notice. The hearing for Defendants' motions to dismiss and the case management conference set for February 27, 2014 is **VACATED**. A status conference is set for March 20, 2014 at 10:30 a.m. at which time the parties shall address the appropriateness of continuing the stay in light of the specifics of the *Fladell* proposed settlement. A joint status conference statement shall be filed by March 13, 2014.

This order disposes of Docket No. 45.

IT IS SO ORDERED.

Dated: February 19, 2014

                                                      EDWARD M. CHEN
                                                      United States District Judge